UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00100-HBB

VICKIE L. SATTELBERG                                                  PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                 DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Vickie L. Sattelberg ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 22) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is affirmed.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered November 20, 2017 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

## FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on July 11, 2013 (Tr. 207). Plaintiff originally alleged that she became disabled on October 1, 2011, as a result of depression, chronic back pain, chronic leg pain, chronic hip pain, and insomnia (Tr. 15, 251). On May 11, 2016, Administrative Law Judge Lisa R. Hall ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 15, 66-68). Plaintiff and her attorney, Sara J. Martin, participated in the video hearing from Owensboro, Kentucky (Id.). Kenneth Boaz also participated in the video hearing from Paducah and testified as a vocational expert (Id.). During the video hearing, Plaintiff amended the alleged disability onset date to May 18, 2013 (Tr. 15, 69-71).

In a decision dated June 7, 2016, the ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2017 (Tr. 17). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-30). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 18, 2013, the amended alleged onset date (Tr. 17). At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: degenerative disc disease and obesity (Id.). The ALJ also determined that Plaintiff's depression and anxiety are "non-severe" impairments (Tr. 17-19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At the fourth step, the ALJ made the following finding with regard to Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except as follows: She can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk for at least 6 hours each during a routine 8-hour workday. She can occasionally engage in postural activities.

(Tr. 19). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is capable of performing her past relevant work as a taxi dispatcher, telephone solicitor, customer service clerk, and sales clerk supervisor (Tr. 29). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 18, 2013, through the date of the decision, June 7, 2013 (Tr. 30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 205-06). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 2-7).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 2-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

## Challenged Findings

Plaintiff's fact and law summary and supporting memorandum set forth challenges to Finding Nos. 3, 5, and 6 (DN 17, 17-1 PageID # 668-79). More specifically, as to Finding No. 3, Plaintiff asserts that substantial evidence does not support the ALJ's determination that her mental and visual impairments are non-severe (DN 17-1 PageID # 672-75). As to Finding No. 5, Plaintiff provides five reasons why she believes the RFC assessment is not supported by substantial evidence (Id. PageID # 668-72, 674-78). And, as to Finding No. 6, Plaintiff explains why she believes the vocational determination is not supported by substantial evidence and the ALJ should have instead issued a GRID ruling in her favor (Id. PageID # 678-79).

5

A.

1. Arguments of the Parties

The Court will begin with Plaintiff's challenges to Finding No. 3 (DN 17-1 PageID # 672-75). Plaintiff asserts that substantial evidence does not support the ALJ's determination that her mental (depression and anxiety) and visual impairments are non-severe (Id.). In support of her assertion, Plaintiff cites her own testimony describing the limitations imposed by these conditions and "the ALJ's failure to give 'controlling weight' to the opinion of Dr. William Chalstrom" and "great weight" to the opinion of Dr. McCormack (Id.).

Defendant contends that the ALJ properly evaluated whether Plaintiff had a severe mental impairment by applying the special technique set forth in the regulations (DN 22 PageID # 696-99). Additionally, Defendant points out because Dr. Chalstrom is not a treating source, his opinion is not entitled to controlling weight (Id. citing 20 C.F.R. § 404.1527(a)). Defendant indicates that the ALJ set forth valid reasons for discounting Dr. Chalstrom's opinion (Id.). Defendant points out, after performing a consultative ophthalmological exam, Dr. McCormack indicated Plaintiff had 20/20 visual acuity with no treatment required for occasional floaters (Id.).

2. Discussion

At the second step in the sequential evaluation process a claimant must demonstrate she has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii); <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. § 404.1509) and "significantly limits" her ability to do one or more basic work activities.

20 C.F.R. § 404.1520(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas. 20 C.F.R. § 404.1520a(c)(3). At the time the ALJ issued the decision, the four broad functional areas were as follows:

1. Activities of daily living;
2. Social functioning;
3. Concentration, persistence, or pace; and
4. Episodes of decompensation.

20 C.F.R. § 404.1520a(c)(3). The degree of limitation in the first three functional areas is rated according to the following five point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). The degree of limitation in the fourth functional area is rated according to the following four point scale: none, one or two, three, four or more. 20 C.F.R. § 404.1520a(c)(4). If the degree of limitation in the first three functional areas is found to be "none" or "mild" and the degree of limitation in the fourth area is found to be "none," the mental impairment is considered non-severe, unless the evidence otherwise indicates there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d).

The ALJ carefully considered the evidence in the record, including Plaintiff's testimony, and, based on the totality of the evidence, concluded that Plaintiff's mental impairments cause no limitation in activities of daily living; no greater than mild limitations in social functioning and in concentration, persistence, or pace; and that Plaintiff has experienced no episodes of

decompensation that have been of extended duration (Tr. 18-19). The Court has reviewed the record and concludes that substantial evidence supports the ALJ's findings on this issue.

Plaintiff's assertion that the ALJ should have given "controlling weight" to Dr. Chalstrom, a consultative examiner, is specious at best. Sixth Circuit case law and the regulations are unambiguous, non-treating sources, like Dr. Chalstrom, "are never assessed for 'controlling weight.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). Furthermore, the ALJ set forth good reasons for giving no weight to the opinion of Dr. Chalstrom (Tr. 21-22, 28). In sum, the Court concludes that Finding No. 3 is supported by substantial evidence in the record and comports with applicable law.

The ALJ gave great weight to the August 2015 examination findings of consultative ophthalmological examiner Daniel R. McCormack, D.O. (Tr. 29, 532-36). The ALJ noted that Dr. McCormack's report indicated Plaintiff had 20/20 visual acuity with no current treatment required for occasional floaters status post cataract surgery (Id.). The report prepared by Dr. McCormack (Tr. 532-36) provides substantial evidence to conclude that Plaintiff's eyes, status post cataract surgery, do not "significantly limit" Plaintiff's ability to do one or more basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. In sum, there is no merit to Plaintiff's contention that the ALJ should have found this condition was a severe impairment.

B.

1. Arguments of the Parties

The Court will next address Plaintiff's challenges to the RFC in Finding No. 5 (DN 17-1 PageID # 668-72, 674-78). First, Plaintiff contends that substantial evidence does not support the

8

amount of weight the ALJ assigned to an opinion from Dr. Christel Miranda, a treating physician (Id.). Plaintiff believes the ALJ should have assigned "controlling weight" or at least "great weight" to Dr. Miranda's opinion (Id.). Next, Plaintiff asserts that substantial evidence does not support the ALJ's finding that her degenerative disc disease and obesity allowed her to perform light work (Id.). Plaintiff believes these physical impairments limited her to less than sedentary work (Id.). Third, Plaintiff contends the RFC is not supported by substantial evidence because the ALJ failed to consider the combined effects of her physical (degenerative disc disease, obesity, and eye condition) and mental (depression and anxiety) impairments (Id.). Fourth, Plaintiff asserts that the RFC is not supported by substantial evidence because the ALJ improperly speculated about the severity of her medical conditions (Id.). Finally, Plaintiff believes the ALJ erred because the ALJ failed to accept her testimony regarding pain and other symptoms as fully credible and/or state sufficient reasons for discounting her testimony (Id.).

Defendant points out that Dr. Miranda's sworn statement did not set forth a medical opinion regarding Plaintiff's physical or mental limitations upon which the ALJ could assigned any weight (DN 22 PageID # 692-95, 699-703). Defendant indicates that the ALJ properly weighed the medical opinion evidence to find that Plaintiff's degenerative disc disease and obesity allowed her to perform a restricted range of light work (Id.). Defendant asserts that the ALJ's RFC assessment considered the combined effects of Plaintiff's impairments (Id.). Defendant argues the ALJ did not improperly speculate about Plaintiff's medical conditions and appropriately assessed the credibility of Plaintiff's subjective statements regarding pain and other symptoms (Id.).

9

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).
>
> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does

> not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).
>
> On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

On April 12, 2016, Dr. Christel Miranda gave a sworn statement to Plaintiff's counsel (Tr. 537-38). It indicates that Dr. Miranda had only treated Plaintiff four times (Id.). Dr. Miranda explained that she treated Plaintiff for complaints of low back pain, abnormal uterine bleeding, depression, neuropathy, dyslipidemia, Vitamin B deficiency, and hypothyroidism (Id.). Dr. Miranda did not specify any physical limitations in the statement and merely indicated that Plaintiff had not given her any reason to doubt her complaints of back pain (Id.). The ALJ accurately described Dr. Miranda's sworn statement and appropriately concluded that it included

11

"no medical opinion regarding the claimant's ability to perform physical or mental work activities upon which the undersigned can afford any weight" (Tr. 28). In sum, there is no factual basis for Plaintiff's contention that the ALJ should have afforded "controlling" or "great" weight to Dr. Miranda's opinion.

Contrary to Plaintiff's assertion, there was substantial evidence in the record to support the ALJ's RFC assessment that considered the combined effects of Plaintiff's physical and mental impairments (Tr. 19-29). Further, there is no merit to Plaintiff's contention that the ALJ's RFC is premised on impermissible speculation regarding the medical evidence and Plaintiff's circumstances (Id.). The Court notes that the RFC is the product of the ALJ according great weight to the consultative psychological opinion of Roger S. Zimmerman, Ph.D.; great weight to the physical limitations expressed by the state agency psychological consultants; partial weight to the opinions of consultative medical examiners Stacy Kunas, F.N.P., and Dr. Alan C. Bean; great weight to the physical limitations expressed by the state agency consultants; and great weight to the opinion of consultative ophthalmological examiner Dr. McCormick (Id.). Further, Plaintiff overlooks the fact that her subjective statements concerning pain and other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. § 404.1529(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in <u>Duncan v. Sec'y of Health & Human Servs.</u>, 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine:

"(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ appropriately considered Plaintiff's level of daily activity as a factor in determining the extent to which her pain and other symptoms are of disabling severity (Tr. 20-29). 20 C.F.R. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered the medications prescribed by the treating physicians to alleviate the alleged pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv). Additionally, the ALJ considered the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577

F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain.

C.

1. Arguments of the Parties

Plaintiff argues substantial evidence does not support the ALJ's determination, in Finding No. 6, that Plaintiff can perform her past relevant work (DN 17-1 PageID # 678-79). Plaintiff believes the ALJ should have found that she cannot perform her past relevant work and then issued a GRID ruling in her favor (Id.).

Defendant argues this is a meritless reformulation of Plaintiff's argument attacking the adequacy of the ALJ's RFC determination (DN 22 PageID # 703). Defendant asserts that the ALJ's RFC determination is supported by substantial evidence and the ALJ reasonably relied on the vocational expert's testimony indicating that Plaintiff could return to his past relevant work (Id.).

2. Discussion

For the reasons set forth above, the ALJ's RFC finding is supported by substantial evidence in the record. Further, the vocational expert's testimony provides substantial evidence to support the ALJ's finding that Plaintiff is capable of performing her past relevant work as a taxi dispatcher, telephone solicitor, customer service clerk, and sales clerk supervisor. Therefore, the rest of Plaintiff's hypothetical argument regarding application of the GRIDS fails for lack of a foundation.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:     Counsel